IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA



Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 3:21-cr- 083 |
| | ) |
| | ) 18 U.S.C. § 371 |
| v. | ) Conspiracy |
| | ) (Count 1) |
| | ) |
| SUSAN MAY KEIM, | ) |
| (Counts 1 & 2) | ) 18 U.S.C. §§ 201(b)(2)(A) & 2 |
| | ) Solicitation and Acceptance of Bribe |
| RUSSELL JOHN KEIM, SR., | ) By Public Official |
| (Counts 1 & 2) | ) (Count 2) |
| | ) |
| and | ) 18 U.S.C. § 201(b)(1)(A) |
| | ) Offering and Giving Bribe to Public |
| RODNEY GALE WILSON, | ) Official |
|     a.k.a. "Captain," | ) (Count 3) |
| (Counts 1 & 3) | ) |
| | ) Forfeiture Allegation |
|                    Defendants. | ) |

## INDICTMENT

July 2021 TERM—at Richmond, Virginia

THE GRAND JURY CHARGES THAT:

## GENERAL ALLEGATIONS

At all times relevant to this indictment:

1. The United States Department of the Army (U.S. Army) was a branch of the United States Department of Defense, which was part of the executive branch of the United States Government. The U.S. Army had soldiers and civilian employees stationed throughout the United States and across the world, including the U.S. Army Garrison Fort Lee (Fort Lee) in Prince George County, Virginia, which is in the Eastern District of Virginia.

2.The U.S. Army contracted with Skookum Educational Company (Skookum), a company based in the State of Washington, to provide maintenance and supply services at Fort Lee. Skookum provided supplies for the base warehouse, including, but not limited to, batteries, toilet paper, ceiling tiles, and fire extinguishers, which it purchased from various subcontractors.

3.Defendant SUSAN MAY KEIM was employed by Skookum as an Engineering Supply Supervisor at Skookum's Fort Lee facility. In this capacity, she managed inventory and oversaw the process through which Skookum, as prime contractor, awarded subcontracts to vendors for the purchase of goods. SUSAN KEIM supervised other Skookum employees, including buyers involved in the award of subcontracts. In her capacity as a Skookum employee, SUSAN KEIM owed fiduciary duties to Skookum and to the United States Government, which included not disclosing confidential information, such as the identities of vendors from which Skookum purchased supplies and pricing policies, to anyone outside the company. By virtue of her position, SUSAN KEIM was a person acting for and on behalf of the United States, and any department, agency or branch of Government thereof, in any official function, under and by authority of any such department, agency, and branch of Government. SUSAN KEIM, therefore, was a "public official" within the meaning of 18 U.S.C. § 201.

4.Defendant RUSSELL JOHN KEIM, SR., was SUSAN KEIM's spouse.

5.Defendant RODNEY GALE WILSON, also known as "Captain," owned C&L Supply, a subcontractor that sold supplies to Skookum for use at Fort Lee. WILSON also owned C&L Amusements, a company that owned and serviced coin-operated games, pool tables, jukeboxes, and Automated Teller Machines.

6.Company A was a business that sold fire extinguishers and related products.

2

7. Company B was a business that produced and sold construction materials.

8. Company C was a business that sold parts for commercial and residential laundry machines.

9. Contractor 1 was a home remodeling contractor based in Chester, Virginia.

## **COUNT ONE**
(Conspiracy with Respect to Bribes of Public Officials)

10. Paragraphs One through Nine of this indictment are incorporated by reference as if fully set forth here.

11. Beginning at least as early as on or about June 26, 2013, and continuing through at least on or about October 12, 2018, the exact dates being unknown to the grand jury, in the Eastern District of Virginia and within the jurisdiction of the Court, as well as elsewhere, defendants SUSAN MAY KEIM, RUSSELL JOHN KEIM SR., and RODNEY GALE WILSON, also known as "Captain," did unlawfully, knowingly, and intentionally, combine, conspire, confederate and agree with each other to commit the following offenses against the United States:

    a. to directly, indirectly, and corruptly give, offer, and promise a thing of value to a public official, with intent to influence an official act, in violation of Title 18, United States Code, Section 201(b)(1)(A); and

    b. to directly, indirectly, and corruptly demand, seek, receive, and accept, and agree to receive and accept something of value in return for being influenced in the performance of an official act, in violation of Title 18, United States Code, Section 201(b)(2)(A).

3

## Purposes of the Conspiracy

12.  The purposes of the conspiracy were: (1) for SUSAN KEIM to use her position as a public official to enrich herself and RUSSELL KEIM by directing valuable subcontracts from Skookum to C&L Supply in exchange for bribes; (2) for WILSON to enrich himself by receiving valuable subcontracts for C&L Supply to provide supplies for use at Fort Lee in exchange for bribe payments; and (3) for the defendants to conceal the conspiracy.

## Manner and Means of the Conspiracy

The manner and means by which the defendants carried out the conspiracy included, but were not limited to, the following:

13.  SUSAN KEIM approved the award of subcontracts to C&L Supply to provide supplies to Skookum for use in various projects at Fort Lee. The value of these subcontracts totaled at least $912,765.89, which Skookum paid to C&L Supply over the course of approximately five years and for which Skookum was reimbursed by the United States Government.

14.  SUSAN KEIM also supplied WILSON with confidential information, such as the identities of vendors from which Skookum purchased supplies and pricing information.

15.  In return for the award of the subcontracts and the supply of confidential information, WILSON provided various things of value, totaling at least $92,039.79, to SUSAN KEIM and RUSSELL KEIM, including: (1) checks and cash payments to RUSSELL KEIM disguised as compensation to RUSSELL KEIM for work performed for C&L Supply, when, in fact, RUSSELL KEIM never worked for that company; and (2) payments for work done on a property owned by SUSAN KEIM and RUSSELL KEIM.

16. To conceal the conspiracy involving C&L Supply, SUSAN KEIM and RUSSELL KEIM attempted to recruit other individuals to create or use their own companies to act as Skookum subcontractors so that it did not appear that C&L was receiving a grossly disproportionate share of subcontracts. RUSSELL KEIM guaranteed to these individuals that they would receive subcontracts in return for providing SUSAN KEIM and RUSSELL KEIM with various things of value.

17. To further conceal the bribe payments they received from WILSON, SUSAN KEIM and RUSSELL KEIM failed to report those payments to the Internal Revenue Service on their jointly filed tax returns.

18. In August 2018, SUSAN KEIM and RUSSELL KEIM became aware that federal agents were investigating the bribery conspiracy. To avoid detection, SUSAN KEIM and RUSSELL KEIM made a series of false and misleading statements to federal agents about their relationship with WILSON.

**Overt Acts**

In furtherance of the conspiracy and to affect its objects, the defendants and their co-conspirators committed at least one of the following acts in the Eastern District of Virginia and elsewhere:

**I.      Bribe Payments from Wilson to Susan Keim and Russell Keim**

19. In and around 2013, SUSAN KEIM and RUSSELL KEIM obtained a total of at least $13,500 from a bank account held by C&L Amusements (consisting of checks made out by WILSON payable to RUSSELL KEIM) and a total of at least $6,000 from a bank account held by C&L Supply (consisting of checks RUSSELL KEIM made payable to "Cash").

20. In and around 2014, SUSAN KEIM and RUSSELL KEIM obtained a total of at least $12,400 from a bank account held by C&L Amusements (consisting of checks made out by WILSON payable to RUSSELL KEIM) and a total of at least $10,500 from a bank account held by C&L Supply (consisting of checks RUSSELL KEIM made payable to himself or to "Cash").

21. On or about March 7, 2014, SUSAN KEIM sent an email to WILSON, copying RUSSELL KEIM, regarding the purchase of various items at Lowe's, a home improvement store, for work to be done on property owned by SUSAN KEIM and RUSSELL KEIM on Cabin Point Road in Disputanta, Virginia (the "Disputanta property"). In the email, SUSAN KEIM stated, "Captain, See if you can get this any cheaper. We will get an additional 10% off this because Russ is military."

22. On or about March 7, 2014, WILSON replied to the email referenced in the previous paragraph, asking SUSAN KEIM to "copy and send without top and prices so I can forward."

23. On or about March 7, 2014, SUSAN KEIM replied to the email referenced in the paragraph above by sending WILSON the Lowe's estimate as an attachment with the items sought listed but the Lowe's header and prices cut off.

24. On or about March 11, 2014, WILSON charged goods and services in an amount totaling approximately $2,148 at Lowe's to be delivered and installed at the Disputanta property using a credit card issued to C&L Supply. The purchased goods included at least some of the items identified in the emails exchanged between SUSAN KEIM and WILSON on or about March 7, 2014, referenced in the paragraphs above.

25. In and around 2015, SUSAN KEIM and RUSSELL KEIM obtained a total of at least $4,500 from a bank account held by C&L Amusements (consisting of a check made out by WILSON payable to RUSSELL KEIM) and a total of at least $8,100 from a bank account held by C&L Supply (consisting of checks RUSSELL KEIM made payable to "Cash").

26. In and around 2016, SUSAN KEIM and RUSSELL KEIM obtained a total of at least $1,000 from a bank account held by C&L Amusements (consisting of checks made out by WILSON payable to RUSSELL KEIM) and a total of at least $7,373.62 from a bank account held by C&L Supply (consisting of checks RUSSELL KEIM made payable to himself or to "Cash").

27. On or about December 30, 2016, WILSON charged goods and services in the amount of approximately $5,047.28 at Lowe's to be delivered and installed at the Disputanta property using a credit card issued to C&L Supply.

28. In and around 2017, SUSAN KEIM and RUSSELL KEIM obtained a total of at least $14,187.89 from a bank account held by C&L Amusements (consisting of checks made out by WILSON payable to RUSSELL KEIM).

29. In and around June 2018, WILSON wrote two checks, totaling $7,283 and drawn on the C&L Supply bank account, to Contractor 1 as compensation for Contractor 1's work on the Disputanta property and not in relation to any government contract.

II. **Business Directed to Wilson and C&L Supply by Susan Keim**

30. From in and around 2013 through in and around 2018, C&L Supply provided supplies for Fort Lee to Skookum through approximately 511 transactions. SUSAN KEIM personally initiated at least 261 of those transactions, totaling at least $395,677.57. For at least

7

some of these transactions, SUSAN KEIM opted to award business to WILSON rather than having Skookum purchase supplies for Fort Lee directly from vendors.

31. During this time period, SUSAN KEIM directed Skookum buyers whom she supervised to purchase items from C&L Supply rather than from competitors and also directed buyers to purchase additional items from C&L Supply even when the warehouse was fully stocked with that item.

32. On or about June 26, 2013, for the purpose of furthering the bribery scheme, SUSAN KEIM, rather than purchasing items directly from a vendor, forwarded to WILSON a purchase requisition with handwritten notes suggesting where to obtain the items in the requisition.

33. On or about August 7, 2013, SUSAN KEIM sent an email to WILSON regarding the replacement of fire extinguishers at Fort Lee, stating that "[w]e have hundreds of 5, 10 and 20 lb fire extinguishers here at Ft. Lee building 6208 that need to be refurbished and disposed of. I have talked to [Person A] at [Company A] in Hopewell [(xxx) 458-xxxx]. I would like these to be taken care of ASAP." In a transaction initiated by SUSAN KEIM, C&L Supply subsequently supplied fire extinguishers through Skookum to Fort Lee.

34. On or about March 18, 2014, SUSAN KEIM, for the purpose of furthering the bribery scheme, forwarded to WILSON a quote from Company B for the provision of construction materials to Skookum at Fort Lee with reference to Quote Number 1185759.

35. On or about March 18, 2014, immediately after sending the email referenced above, SUSAN KEIM, for the purpose of furthering the bribery scheme, forwarded to WILSON a quote from Company B for the provision of construction materials to Skookum at Fort Lee with reference to Quote Number 1158770-QAP00864J/Retention Ponds.

36. On or about June 18, 2014, for the purpose of furthering the bribery scheme, SUSAN KEIM, rather than purchasing the item directly from Company C, sent WILSON an email with the Subject: "board at [Company C]." SUSAN KEIM stated in the email that "[Company C's website] has the board for 158.95. check it out."

37. On or about November 12, 2016, SUSAN KEIM, for the purpose of furthering the bribery scheme, sent WILSON an email with the Subject: supply, attached to which was a spreadsheet named C&L Autosaved.xlsx containing a "PROFIT" column.

38. On or about August 6, 2018, SUSAN KEIM falsely stated to federal agents from the Federal Bureau of Investigation that (a) she did not remember what WILSON looked like; (b) was not certain that she had socialized with WILSON outside of work; and (c) was uncertain whether her husband, RUSSELL KEIM, knew WILSON.

39. On or about August 6, 2018, RUSSELL KEIM falsely stated to federal agents from the Federal Bureau of Investigation that he had hired Skookum vendors to perform work at his house, but that he had paid the vendors and obtained receipts from them.

(In violation of Title 18, United States Code, Section 371).

## COUNT TWO
(Solicitation and Acceptance of Bribes by Public Official)

40. Paragraphs One through Nine of this indictment are incorporated by reference as if fully set forth here.

41. Beginning at least as early as in or around August 2016, and continuing through at least in or around October 2018, in the Eastern District of Virginia and within the jurisdiction of this Court, defendant SUSAN MAY KEIM, being a public official, and aided, abetted, counseled, induced, and encouraged by defendant RUSSELL JOHN KEIM SR., did directly, indirectly, and

corruptly, demand, seek, receive, accept, and agree to personally receive and accept things of value—specifically, a stream of payments from Rodney Gale Wilson—in return for SUSAN MAY KEIM being influenced in the performance of official acts—specifically, awarding Skookum subcontracts to C&L Supply for the purpose of benefitting Wilson and his business interests.

(In violation of Title 18, United States Code, Sections 201(b)(2)(A) & 2).

## COUNT THREE
(Payment of Bribes to Public Official)

42. Paragraphs One through Nine of this indictment are incorporated by reference as if fully set forth here.

43. Beginning at least as early as in and around August 2016, and continuing through at least until in and around October 2018, in the Eastern District of Virginia and within the jurisdiction of this Court, defendant RODNEY GALE WILSON, did directly, indirectly, and corruptly give, offer, and promise things of value—specifically, a stream of payments—to a public official, that is, Susan May Keim, assisted by Russell John Keim, with the intent to influence Susan Keim in the performance of official acts—specifically, awarding Skookum subcontracts to C&L Supply for the purpose of benefitting WILSON and his business interests.

(In violation of Title 18, United States Code, Section 201(b)(1)(A)).

## FORFEITURE ALLEGATIONS

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, defendants SUSAN MAY KEIM and RUSSELL JOHN KEIM, SR. are hereby notified that upon conviction of any of the offenses set forth in Counts One and Two of the Indictment, they shall forfeit to the United States any property real or personal which constitutes, or is derived from, proceeds traceable to

the violations charged in Counts One and Two above. Property subject to forfeiture includes but is not limited to the following:

> A sum of money of at least $92,039.79, which represents the proceeds of the offenses charged in Counts One and Two above.

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, defendant RODNEY GALE WILSON is hereby notified that upon conviction of any of the offenses set forth in Counts One and Three of the Indictment, he shall forfeit to the United States any property real or personal which constitutes, or is derived from, proceeds traceable to the violations charged in Counts One and Three above. Property subject to forfeiture includes but is not limited to the following:

> A sum of money of at least $912,765.89, which represents the proceeds of the offenses charged in Counts One and Three above.

(All in accordance with Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c)).

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

A TRUE BILL:

_____
FOREPERSON

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By: /s/ Michael C. Moore
Michael C. Moore
Assistant United States Attorney

COREY R. AMUNDSON
CHIEF

By: /s/ Rebecca M. Schuman
Rebecca M. Schuman
Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice