U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

---

G. Zachary Terwilliger
United States Attorney

919 East Main Street, Suite 1900
Richmond, VA 23219

(804) 819-5400
(804) 771-2316 (fax)

November 8, 2019

**VIA EMAIL (ttroy@eckertseamans.com) ONLY**
Anthony Troy, Esquire
Eckert, Seamans, Cherin & Mellott
919 East Main Street, Suite 1300
Richmond, VA 23219

Re: Kickback Investigation
    Grand Jury 19-2
    Your Client: Rodney Gale Wilson

Dear Mr. Troy:

    This letter sets forth the terms and conditions under which your client, Rodney Gale Wilson, would be interviewed by the government about potential violations of federal criminal law arising from or related to his involvement in an government contract kickback scheme, including, but not limited to, violations of Title 18, United States Code, Sections 1349 (Conspiracy to Commit Wire Fraud), 1343 (Wire Fraud), and Title 42, United States Code, Section 8702 (Payment or Acceptance of Kickbacks with Respect to Federal Government contractors).

    First, your client will answer all questions completely and truthfully, and will provide all information, documents, and records within your client's custody or control, or to which your client has access, that are related to the subject matter of the interview.

    Second, except as provided below, in any prosecution brought by the United States against your client, no statements or other information provided by you or your client during the interview will be admissible against your client in the government's case-in-chief or at sentencing. **This paragraph will not apply, however, to statements or other information provided by you or your client regarding crimes of violence.**

    Third, the United States will be permitted to make derivative use of, and pursue any investigative leads suggested by, any statements or information provided by your client in the interview. Such derivative information can be used against your client at any stage of any criminal or civil proceeding.

1

Fourth, if your client is a witness at any stage of any civil or criminal proceeding and offers testimony different from statements or information provided by your client during the interview, the United States may use such statements and information in cross-examination and rebuttal. In addition, the United States may use such statements and information to rebut any other evidence offered or elicited, or factual assertions made, by or on behalf of your client that are different from the statements or information provided during the interview.

Fifth, if your client knowingly provides statements or information to the government that is false, misleading, or designed to obstruct justice, your client will be subject to prosecution for any applicable violations including, but not limited to, making false statements and obstruction of justice. Any such prosecution could be premised upon any statement or information provided by your client in the interview and your client's statements and the information provided in the interview could be used against your client.

Sixth, it is understood by your client and the government that the interview will not constitute compromise negotiations or plea discussions. If, however, the session is subsequently construed to have been an instance of compromise negotiations or plea discussions, your client knowingly and voluntarily waives all rights your client has pursuant to Federal Rules of Evidence 408 and 410 and Federal Rule of Criminal Procedure 11(f) that would otherwise prohibit the use against your client of statements made during such negotiations or discussions.

Seventh, neither you nor your client will disclose to anyone, other than your client's family, the existence or nature of this agreement without prior consultation with the United States Attorney's Office or upon order of a court of competent jurisdiction.

Finally, your client's interview is occurring in accordance with the understandings set forth herein. No promises, agreements or understandings exist between the parties other than those set forth in this agreement, and no modification of this agreement will have effect unless executed in writing by the parties with the same formalities as in this agreement.

If your client wishes to be interviewed under the terms set forth above, please sign, and have your client sign this letter as indicated below and return it to me.

Sincerely,

G. Zachary Terwilliger
United States Attorney

By: *[signature]*
Michael C. Moore
Assistant United States Attorney

I have read the foregoing agreement in its entirety, I have discussed it with my attorney, and I have had it fully explained by my attorney. I voluntarily and knowingly agree to the terms set forth.

_____     __11/8/19__
Rodney Gale Wilson                                Date


I have discussed the foregoing agreement with my client and fully explained its terms to my client. To the best of my knowledge, my client voluntarily and knowingly agrees to the terms set forth.

_____     __11/8/19__
Anthony Troy, Esquire                              Date